Naomi FREED, Plaintiff,

v.

BRANIFF AIRWAYS, INCORPORATED, a/k/a Braniff International and McDonnell Douglas Corporation, Defendants.

BRANIFF AIRWAYS, INCORPORATED, Third–Party Plaintiff,

v.

McDONNELL DOUGLAS CORPORATION, Third–Party Defendant.

No. 79 Civ. 3427 (LFM).

United States District Court, S.D. New York.

March 12, 1987.

Quirk & Bakalor, P.C. by Robert E. Quirk, New York City, for defendant Braniff Airways, Inc.

Mendes & Mount by Garrett J. Fitzpatrick, New York City, for defendant McDonnell Douglas Corp.

Freed & Lerner, Esqs. by Lance M. Freed, New York City, for plaintiff.

## MEMORANDUM

MacMAHON, District Judge.

Defendant, Braniff Airways, Incorporated ("Braniff"), moves for summary judgment against plaintiff, Naomi Freed ("Freed"). Defendant, McDonnell Douglas Corporation ("MDC"), moves to dismiss Freed's complaint for failure to prosecute.

### Braniff's Motion

On March 4, 1986, the United States Bankruptcy Court for the Northern District of Texas held that (1) confirmation of Braniff's bankruptcy plan totally discharged Freed's tort claims against Braniff; (2) the order of confirmation permanently enjoined Freed's prosecution of her suit against Braniff; and (3) Freed's failure to appeal the order of confirmation "forever barred [ ] further prosecution of her suit."[1] The Bankruptcy Court subsequently denied Freed's motion to reconsider its March 4, 1986 order.[2]

The doctrine of collateral estoppel prevents relitigation of the issue of whether Freed's tort claims against Braniff are viable. *Parklane Hosiery Co. v. Shore*, 439

1. *In re Braniff Airways, Inc.,* No. 482–00369, slip op. at 6–7 (Bkrcy.N.D.Tex. Mar. 4, 1986) [available on WESTLAW, 1986 WL 20463].

2. *In re Braniff Airways, Inc.,* No. 482–00369, Order (Bkrcy.N.D.Tex. Sept. 26, 1986).

U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983); 1B J. Moore, Moore's Federal Practice ¶ 0.419[3.–2], at 643–44 n. 26 (2d ed. 1983). Based on the Bankruptcy Court's two orders, it is clear that Freed cannot maintain her tort claims against Braniff. We, therefore, grant Braniff's motion for summary judgment. *Robinson v. First Nat'l City Bank*, 482 F.Supp. 92, 96 n. 8 (S.D.N.Y.1979); Fed.R.Civ.P. 56(b).[3]

### MDC's Motion

■ MDC moves, pursuant to Rule 41(b), Fed.R.Civ.P., to dismiss Freed's complaint for failure to prosecute. It asserts that Freed's claim should be dismissed because, despite the fact that this case has been pending for several years, Freed has conducted virtually no discovery as to MDC.

A motion to dismiss for failure to prosecute is addressed to our discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Dismissal, however, is " 'a harsh remedy to be utilized only in extreme situations.' " *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986) (citations omitted).

Several factors warrant denying MDC's motion to dismiss the complaint. *See generally Harding v. Federal Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir.1983). First, Freed has not received any prior warnings that delay would occasion dismissal of her complaint. Second, MDC has not demonstrated any prejudice attributable to delay, such as an indication that evidence is likely to be lost or that discovery has been made more difficult. *Romandette, supra*, at 312. Third, although this court's dockets are among the busiest in the nation, Freed has a due process right to present her case in court. Finally, perhaps the most compelling reason to deny MDC's motion is that an equally effective, less onerous, sanction is available.

Contrary to MDC's assertion, Freed contends that she has pursued discovery against MDC. (Affirmation in Opposition at p. 3.) In view of Freed's assertion, this case shall be placed on our ready trial calendar on Monday, April 27, 1987, at which time Freed and MDC must be prepared for trial on short telephonic notice. Any further delay by Freed may result in the dismissal of this action with prejudice.

### Conclusion

Accordingly:

(1) We grant defendant Braniff's motion for summary judgment in its favor against plaintiff, Naomi Freed;

(2) We deny defendant MDC's motion to dismiss the complaint for failure to prosecute; and

(3) We direct that this case be placed on our ready trial calendar on Monday, April 27, 1987; any further delay by plaintiff Freed may result in dismissal of this action with prejudice.

Settle order on notice within ten (10) days.

---

**3.** In response to Braniff's motion for summary judgment, Freed states: "Obviously, plaintiff cannot contest their position." (Affirmation in Opposition at p. 4.) We, however, reject Freed's request that we not dismiss the claim on the merits or with prejudice (Id. at pp. 4–5), because this request has no legal justification.