[No. E015323. Fourth Dist., Div. Two. Sept. 10, 1997.]

RONALD FORSYTH, Plaintiff and Appellant, v.
KENNETH JONES, Defendant and Respondent.

## COUNSEL

Eleanor L. Preston for Plaintiff and Appellant.

Hagenbaugh & Murphy, Randal A. Whitecotton and Katherine L. Spaniac for Defendant and Respondent.

## OPINION

**McKINSTER, J.**—A plaintiff appeals from a judgment of dismissal entered after a demurrer to his complaint for damages for medical malpractice was sustained without leave to amend. Concluding that the trial court erroneously sustained the demurrer, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts, as alleged in the plaintiff's second amended complaint and as judicially noticed, are these: In September of 1992, Ronald Forsyth was a patient under the care of Kenneth Jones, a medical doctor. As the result of Jones's professional negligence, Forsyth suffered personal injuries.

Jones filed a petition under chapter 7 of the United States Bankruptcy Code in June 1993. (11 U.S.C. § 701 et seq.)[1] Jones listed a potential malpractice claim from Forsyth in his schedule of creditor's claims.

In September of 1993, Forsyth served Jones with a notice of his intention to commence an action for damages for professional negligence. (Code Civ. Proc., § 364.) The United States Bankruptcy Court discharged Jones from all dischargeable debts, including Forsyth's claim, on October 29, 1993. (§ 727.)

After the discharge, Forsyth filed suit against Jones, expressly alleging that the purpose of the action was to establish Jones's "liability as a precondition to recovery from" Jones's liability insurer, Professional Underwriters Liability Insurance Co., Inc. Although Forsyth sought to recover from the insurer the damages resulting from Jones's professional negligence, only Jones was named as a defendant, not the insurer.

Jones demurred, arguing that the complaint fails to state a cause of action because the underlying claim has been discharged in bankruptcy. The demurrer was sustained without leave to amend by an order entered September

---

[1] Unless specified otherwise, all section references are to the Bankruptcy Code, title 11 of the United States Code.

12, 1994. On November 1, 1994, Forsyth filed a notice of appeal, purporting to appeal from that order. A judgment of dismissal with prejudice was entered on November 14, 1994.

## APPEALABILITY

■ "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings* v. *Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074].) Therefore, even though neither party has questioned the propriety of Forsyth's appeal from the order sustaining the demurrer, we address the issue.

■ An order sustaining a demurrer is interlocutory and thus not appealable. Any appeal must be taken from the subsequently entered judgment of dismissal. (*Vibert* v. *Berger* (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390]; *Setliff* v. *E. I. Du Pont de Nemours & Co.* (1995) 32 Cal.App.4th 1525, 1533 [38 Cal.Rptr.2d 763].) However, a notice of appeal must be "liberally construed in favor of its sufficiency." (Cal. Rules of Court, rule 1(a).) In accordance with that mandate, a notice of appeal which erroneously purports to appeal from an order sustaining a demurrer will be deemed to be sufficient if (1) a judgment of dismissal was actually entered either before or after the filing of the notice of appeal, (2) there is no doubt as to which ruling the appellant seeks to have reviewed, and (3) the respondent could not possibly have been misled to its prejudice. (*Vibert, supra*, at pp. 67-69.)

Forsyth's notice of appeal not only refers exclusively to the order, it was filed before the judgment was even entered. Nevertheless, since the actual judgment was entered soon thereafter and there is no confusion as to the scope of the appeal, the notice of appeal is sufficient.

## ISSUE ON APPEAL

■ There is only one narrow issue before us: May a plaintiff proceed against a discharged debtor solely to recover from the debtor's insurer? We join the vast majority of courts who have considered the issue by answering that question in the affirmative.

## DISCUSSION

■ The Bankruptcy Code provides that a discharge of a debtor "(1) voids any judgment at any time obtained, to the extent that such judgment is

a determination of the personal liability of the debtor with respect to any debt discharged . . . ; [¶] [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor . . . .*" (§ 524(a), italics added.) However, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." (*Id.*, subd. (e).)

"Together, the language of these sections reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit." (*Green* v. *Welsh* (2d Cir. 1992) 956 F.2d 30, 33.) Thus, it is clear that, following discharge, a plaintiff or other creditor may not seek to hold the debtor personally liable for any debt, but may proceed against either a codebtor or a surety or guarantor who guaranteed the debtor's payment of that debt. (*Id.*, p. 33, fn. 1.) ▇ Is the debtor's insurer, who has no direct liability to the plaintiff, to be treated like the debtor or like a surety?

"Most courts have held that the scope of a section 524(a) injunction does not affect the liability of liability insurers and does not prevent establishing their liability by proceeding against a discharged debtor." (*Matter of Edgeworth* (5th Cir. 1993) 993 F.2d 51, 54, fn. omitted, and cases cited in fn. 6; accord, *Matter of Hendrix* (7th Cir. 1993) 986 F.2d 195, 197; *Green* v. *Welsh*, *supra*, 956 F.2d at pp. 33-35, and cases cited therein.) "This interpretation is grounded in both textual and equitable foundations." (*Matter of Edgeworth*, *supra*, at p. 54.) Since section 524(a), voids only those judgments determining the debtor to be *personally* liable, ". . . the statutory language, on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer." (*In re Jet Florida Systems, Inc.* (11th Cir. 1989) 883 F.2d 970, 973.)

More fundamentally, the purpose of bankruptcy in general, and of the discharge and permanent injunction in particular, is to give the debtor the opportunity to make a fresh start financially. (*Green* v. *Welsh*, *supra*, 956 F.2d at p. 33.) It is not to deprive a claimant unnecessarily of the means to recover damages for a potentially meritorious claim. "[I]t makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge. 'The "fresh-start" policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.' [Citations.] 'Such a result would be fundamentally wrong.' [Citation.]" (*Matter of Edgeworth*, *supra*, 993 F.2d at p. 54.) " '[T]he insurance company should not be entitled to gain a benefit that was not intended or in any way computed

within the rate charged for its policy.' [Citations.]" (*In re Jet Florida Systems, Inc., supra*, 883 F.2d at p. 975.)

"Finally, allowing commencement or continuation of such actions does not inequitably burden the debtor. Burden there is, in the sense that attending depositions and trial may take up [the debtor's] time. But this is not a burden alleviated by § 524 when the purpose of the suit is to establish [the debtor's] nominal liability in order to collect from his insurance policy." (*Matter of Edgeworth, supra*, 993 F.2d at p. 54, fn. omitted.) "[A]s long as . . . there is no execution on judgment against the debtor personally, section 524(a) will not bar a suit against the discharged debtor as the nominal defendant." (*Ibid.*, fn. omitted.)

Finding this analysis to be persuasive, we hold what another California court said in dicta: Section 524 permits an action against a discharged debtor to fix the liability of the debtor's insurers. (*Ortiz* v. *Workers' Comp. Appeals Bd.* (1992) 4 Cal.App.4th 392, 398 [5 Cal.Rptr.2d 484].)

While the Sixth Circuit arguably came to the opposite conclusion in *In re White Motor Credit* (6th Cir. 1985) 761 F.2d 270 at pages 274-275, it did so without any analysis whatsoever.[2] In *Freed* v. *Braniff Airways, Inc.* (S.D.N.Y. 1987) 119 F.R.D. 10, on which Jones also relies, the matter was decided on the basis of collateral estoppel, not on the merits. Therefore, neither of those decisions persuades us that we should depart from the majority rule as described above.

Jones argues that the cases we have cited are distinguishable on the basis that Forsyth did not seek relief in federal court from the section 524 injunction. However, there is no need to seek relief from an injunction which does not extend to the action in which you wish to engage. Section 524(a) does not enjoin an action against a discharged debtor when pursued solely to recover from the debtor's insurer.

Jones also contends that there is no decision from the Ninth Circuit Court of Appeals on this issue, implying that we are bound to follow that court's lead on matters of federal law. That implication is mistaken. ■ "On a federal question, the decisions of the United States Supreme Court are binding on state courts. However, the decisions of the lower federal courts, while persuasive, are not binding on us. (*People* v. *Bradley* (1969) 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129].) Thus, in the absence of a controlling United States Supreme Court opinion, we make an independent

---

[2]Moreover, one court has interpreted *In re White Motor Credit* to be distinguishable. (*In re Harrision* (Bankr. E.D. Tenn. 1997) 206 B.R. 910, 912.)

determination of federal law. Where the federal circuits are in conflict, the decisions of the Ninth Circuit are entitled to no greater weight than those of other circuits." (*Irwin* v. *City of Hemet* (1994) 22 Cal.App.4th 507, 520, fn. 8 [27 Cal.Rptr.2d 433].) ▪ In short, the presence or absence of a decision by the Ninth Circuit on this issue is not determinative.

Third, Jones notes that all of the cases cited have been decided in federal courts, while this case is obviously in a state court. But Jones offers no explanation as to why that distinction should make any difference whatsoever to our analysis of the scope of section 524's injunction.

Fourth, Jones argues that the action does threaten personal liability because the insurance policy in question has a $5,000 deductible. There are at least two responses to that contention. First, there are no facts to support it, since the terms of the policy are not among the facts alleged in the complaint.[3] Second, that there may be a deductible does not bar pursuit of those damages which exceed the deductible but which are within the policy limits. The complaint still states a cause of action as to that portion of the claim.

Finally, Jones contended at oral argument that the complaint was defective because it did not expressly disclaim Forsyth's intention of seeking to recover from Jones personally. However, since the Bankruptcy Code permanently enjoins Forsyth from executing against discharged debtors such as Jones (§ 524(a)), such an allegation is unnecessary.

## Disposition

In summary, the trial court erred in sustaining the demurrer. The judgment of dismissal is reversed. The trial court is directed to vacate its order sustaining the demurrer and to enter a new order overruling it. Forsyth shall recover his costs on appeal.

Hollenhorst, Acting P. J., and Ward, J., concurred.

---

[3]Similarly, there are no facts to support Jones's argument, raised for the first time at oral argument, that this particular insurance contract conditions the liability of the insurer upon payment by Jones of the $5,000 deductible.