Filed 3/30/15  P. v. Shockey CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JESSE TAYLOR SHOCKEY,<br><br>　　Defendant and Appellant. | G049364<br><br>(Super. Ct. No. 11CF3468)<br><br>O P I N I O N |

　　　　　　　Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

　　　　　　　Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　　　Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

　　　　　　　　　　*　　　　*　　　　*

A jury found defendant Jesse Taylor Shockey guilty of voluntary manslaughter (Pen. Code, § 192, subd. (a); all statutory references are to the Penal Code) and found he personally used a knife (§ 12022, subd. (b)(1)). Shockey contends the trial court prejudicially erred by admitting statements obtained during a custodial interrogation because police officers did not expressly advise him of his right to have counsel present *during* the interrogation. (*Miranda* v. *Arizona* (1966) 384 U.S. 436 (*Miranda*).) For the reasons expressed below, we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On December 21, 2011, Shockey and three friends, Matthew Bosco, Mel Serrano, and Kendra Fuller, gathered at a Huntington Beach park. Around 9:00 p.m., a car drove past Shockey's group, and someone in the car shouted they would be back in five minutes. When the car returned, Ernest Taylor, Dylan Austin, Jeff Quinn, and Corrine Armstrong got out. Shockey and Taylor knew each other from juvenile hall and engaged in a fistfight at the same park a few weeks earlier.

Austin and Taylor aggressively approached and told Shockey's group to leave the park. Bosco aimed a rifle at Austin, who grabbed it and said "blast me." Shockey positioned himself behind Austin and poked him in the back with a kitchen knife. Austin then turned toward Shockey and punched him in the face several times. Shockey walked away from Austin stating, "You're not worth it." Austin pursued, and Shockey plunged the knife into Austin's chest. Austin later died from his injuries.

Officers recorded a phone call between Fuller and Shockey during which Shockey admitted stabbing Austin and made other incriminating statements. Shockey also incriminated himself during police interviews conducted on December 22 and December 27.

Following a trial in September 2013, a jury convicted Shockey as noted above. In November 2013, the trial court imposed an 11-year upper term prison sentence for manslaughter and struck the weapon enhancement (§ 1385).

II

DISCUSSION

*No Miranda Violation*

Officers arrested Shockey around 10:30 a.m. the morning after the stabbing. Detective Ellis questioned him at the police station around 3:00 p.m. Ellis told Shockey he was under arrest and advised him of his *Miranda* rights as follows: "Detective Ellis: I'm going to advise you of your *Miranda* rights. Okay? You know what *Miranda* is? [¶] [] Shockey: Yes. [¶] [Q]: The right to remain silent. [¶] [A] Yes. [¶] [Q]: Anything you say may be used against you in a court of law. You understand that? [¶] [A] Yes. [¶] [Q]: If you can't afford an attorney, one will be appointed to you free of charge before questioning if you want. [¶] [A]: Yes. [¶] [Q]: Got a card. I'm tired. With these rights in mind, would you mind telling me what happened last night?" Shockey answered questions and made incriminating statements.

Before trial, Shockey moved to suppress his statements under *Miranda*. The trial court found "although there was a less than perfect recitation of the *Miranda* rights, that appeared to be a sufficient admonition under *Miranda* and its progeny."

Shockey complains Ellis did not advise him of the right to have an attorney present *during* questioning. The officer's *Miranda* advisement, although not exemplary, met the requirements of *Miranda*.

When reviewing *Miranda* issues on appeal, we accept the trial court's resolution of disputed facts and inferences and its credibility determinations if supported by substantial evidence, but apply the independent, de novo standard of review to determine from undisputed facts and trial court findings whether police legally obtained

3

the challenged statement. (*People v. Smith* (2007) 40 Cal.4th 483, 502; *People v. Waidla* (2000) 22 Cal.4th 690, 730.)

*Miranda* warnings serve a prophylactic purpose and provide procedural safeguards to protect an individual's Fifth and Fourteenth Amendment right against self-incrimination. (See *Florida v. Powell* (2010) 559 U.S. 50, 59 (*Powell*).) No "talismanic incantation" is necessary to satisfy *Miranda*'s requirements. (*California v. Prysock* (1981) 453 U.S. 355, 359 (*Prysock*).) But the advisement must "reasonably convey[]" to a suspect the following four warnings: "'[A suspect] must be warned prior to any questioning [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.'" (*Powell*, *supra*, 559 U.S. at pp. 59-60; *Miranda*, *supra*, 384 U.S. at p. 479.) *Miranda*'s third warning must clearly inform the suspect of his "right to consult with a lawyer and to have the lawyer with him during interrogation." (*Miranda*, *supra*, 384 U.S. at p. 471.)

The Attorney General argues *Powell* is dispositive. In *Powell*, the officers advised the suspect he had the right "'to talk to a lawyer before answering any of [the officers'] questions'" and of the "'right to use any of [his] rights at any time [he] want[ed] during th[e] interview.'" (*Powell*, *supra*, 559 U.S. at p. 62.) The Supreme Court reasoned the two statements in combination reasonably conveyed the right to have an attorney present, not only at the outset of interrogation, but at all times. (*Ibid*.)

Unlike the *Miranda* advisement upheld in *Powell*, where a "combination" of statements informed the suspect of his right to talk to a lawyer before the interrogation, *and* of his right to invoke any of his rights at any time during the interrogation, the advisement here informed Shockey only that he could have an attorney appointed before questioning. (cf. *Powell*, *supra*, 559 U.S. at p. 62.) No additional statement informed

4

Shockey he could invoke his rights during the interrogation. *Powell* does not control the outcome here.

But *Powell* also does not support Shockey's assertion officers must "unambiguously inform the person being interviewed that he or she has the right to counsel during police interrogation." *Powell* rejected the contention *Miranda* requires expressly advising a suspect of his right to have counsel present before and during questioning. (*Powell*, *supra*, 559 U.S. at pp. 63-64.) The Court reasoned the issue is whether the "words . . . used . . . communicated the same essential message [*Miranda* requires]." (*Id*. at p. 64.)

In *People v. Wash* (1993) 6 Cal.4th 215, 236, the California Supreme Court held a *Miranda* warning "reasonably conveyed" to a suspect his right to have an attorney present during questioning when police expressly informed the suspect of his right to have an attorney present before questioning. (*Id*. at p. 237; see *People v. Lujan* (2001) 92 Cal.App.4th 1389, 1402 ["*Wash* stands for the proposition that there is sufficient compliance with *Miranda* if the accused is advised of the right to have an attorney present before questioning."].) *Wash* reasoned that "[a]lthough the warning given to defendant here deviated from the standard form . . . we are not persuaded . . . that the language was so ambiguous or confusing as to lead defendant to believe that counsel would be provided before questioning, and then summarily removed once questioning began." (*Wash*, *supra*, 6 Cal.4th at 236; see also *People v. Valdivia* (1986) 180 Cal.App.3d 657, 663-664 [unreasonable for a suspect to believe attorney must leave the interrogation room during questioning when police advise a suspect he has a right to have an attorney before questioning].)

Shockey argues *Wash* is distinguishable because Ellis did not inform him of his right to "speak" to an attorney or have an attorney "present" before questioning, but rather advised him he had the right to have an attorney "appointed" before questioning. A *Miranda* advisement is valid so long as "nothing in the warnings suggest[s] any

5

limitation on the right to the presence of an appointed counsel different from the clearly conveyed rights to a lawyer in general." (*Prysock*, *supra*, 453 U.S. at pp. 360-361.) Because police informed Shockey counsel could be "appointed to you free of charge before questioning" and was not told his right to an attorney would be limited in any way during questioning, his right to appointed counsel was not impermissibly "linked to a future point in time after police interrogation." (*Id*. at p. 360.)

Shockey contends we should follow the Ninth Circuit's decision in *United States v. Noti* (9th Cir. 1984) 731 F.2d 610, 614-615.) *Noti* found a *Miranda* warning inadequate because officers informed the suspect of his right to have the services of an attorney before, but not during questioning. (*Id*. at p. 615; accord *Windsor v. United States* (5th Cir. 1968) 389 F.2d 530, 533; but see *United States v. Lamia* (2d Cir. 1970) 429 F.2d 373, 376 [suspect advised "he had the 'right to an attorney,' [and that] if he was not able to afford an attorney one would be appointed by the court"; advisement reasonably implied attorney would be available during questioning].) We decline the invitation because we are bound by *Wash*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; *Valdivia*, *supra*, 180 Cal.App.3d at p. 664; see *Forsyth v. Jones* (1997) 57 Cal.App.4th 776, 783 [state appellate courts are not bound by federal circuit court precedent].)

The advisement here met *Miranda*'s requirements even though it deviated from the standard form because it reasonably conveyed to Shockey his right to have an attorney present before and during questioning. Because the advisement was adequate, we need not address whether the introduction of Shockey's statements resulted in prejudice.

### III

### DISPOSITION

The judgment is affirmed.



ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.