John G. BALLENGER, Christopher J. Ballenger, Frederick M. Henschel, David M. Schaumburg, Michael K Gammill, Thomas M. Cuneo, Jacqueline M. Twaststijerna and Glenn J. Ballenger, Plaintiffs,

v.

APPLIED DIGITAL SOLUTIONS INC., a Missouri corporation, Computer Equity Corporation, a Delaware corporation, Richard J. Sullivan, David A. Loppert and David I. Beckett, Defendants.

No. Civ.A.01–390 GMS.

United States District Court,
D. Delaware.

Jan. 31, 2002.

Jesse A. Finkelstein, Richards, Layton & Finger, Wilmington, Delaware, for Plaintiffs.

P. Clarkson Collins, Jr., Morris, James, Hitchens & Williams, Wilmington, Delaware, for Defendants.

### MEMORANDUM OPINION

SLEET, District Judge.

## I. INTRODUCTION

The plaintiffs, John G. Ballenger *et al.*, ("The Compec plaintiffs") were stockholders in the Compec Corporation. The Compec plaintiffs sold their shares to Applied Digital Solutions, Inc., ("ADSX"). The transaction required that the Compec plaintiffs be given unregistered ADSX shares in exchange for their Compec shares. ADSX promised to use its "best efforts" to register the stock as soon as possible. ADSX did not register the stock in a timely fashion, allegedly causing the plaintiffs to lose money as a result. The parties also agreed that ADSX would make "earnout payments" at certain intervals, the first occurring on September 30, 2001. ADSX did not make the first payment.

Plaintiffs filed this action on June 8, 2001. The complaint was amended twice.[1] Counts One and Two are breach of contract claims that seek compensatory and injunctive relief for ADSX's failure to make the first earnout payment. Count Three is another breach of contract claim that alleges ADSX failed to use its best efforts and breached the implied covenant of good faith and fair dealing by failing to make the September 30, 2001, earnout payment. Count Four of the Second Amended Complaint alleges that ADSX violated section 5 of the Securities Act, 15 U.S.C. § 77e, by failing to register the stock.

Presently before the court is the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.[2] In its motion ADSX argues, among other things, that the statute of limitations has run on plaintiffs' Securities Act claims under Count Four. ADSX further contends that since the Securities Act claims are the only source of federal jurisdiction, if the court finds that claims are time-barred, it should dismiss that count as well as the remaining state law claims. The court agrees with ADSX that Plaintiff's Securities Act claims are time-barred and will, therefore, grant ADSX's motion to dismiss. The reasons for the court's decision are set forth in detail below.

## II. FACTS[3]

Compec is a telecommunications corporation founded in 1987 by plaintiff John Ballenger. The corporation was primarily owned and operated by the Ballenger family, but the other plaintiffs were also shareholders. In early 2000, the plaintiffs decided to sell the corporation. In May 2000, ADSX approached the plaintiffs regarding a sale. ADSX was a Missouri Corporation that had been traded over-the-counter since December 1994. *See*

---

1. For reasons provided in the court's attached order, the plaintiffs' motion for leave to amend is granted. All references to the complaint refer to the Second Amended Complaint.

2. There are several other motions pending in this case. The court's ruling on the defendants' motion to dismiss, however, renders the other motions moot. The court, therefore, will limit its discussion to the resolution of that motion.

3. In light of the court's ruling, it will be unnecessary to recite the entire lengthy factual background of this case.

D.I. 20, Ex. A (Aff. of K. Langsford–Loveland).

On June 30, 2002, the parties executed a written agreement of sale. The terms of the agreement indicated that Compec would be sold for $15,662,000 in ADSX stock, $8,848,000 in cash and earnout payments made payable in cash or stock. The ADSX stock that was issued at the time was not yet registered as required by the Securities and Exchange Act. In the agreement, however, ADSX promised to use its best efforts to cause the shares to become registered upon the filing of any other ADSX registration statement. This is known as a "piggyback" registration.

ADSX did file a registration statement with the SEC regarding the shares sold to the Compec plaintiffs on October 16, 2000. However, for reasons not disclosed in the record, ADSX did not cause the registration to become effective. ADSX filed another registration statement regarding a different set of securities. Although that registration statement was made effective on April 24, 2001, the registration statement for the Compec shares was not "piggybacked" onto the later registration statement. Therefore, the Compec shares were not effectively registered. According to plaintiffs, they repeatedly requested that the shares be registered, but ADSX failed to comply. Consequently, the Compec plaintiffs filed the present lawsuit.

## III. STANDARD OF REVIEW

■ The defendants' motion is titled a "Motion to Dismiss or in the Alternative for Summary Judgment." Among other grounds, the defendants have moved to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and they have attached to the motion materials that are outside the pleadings. Rule 12(b) provides in such an instance that "the motion shall be treated as one for summary judgment." *See* FED R. CIV. P. 12(b). If the court decides to convert the 12(b)(6) motion into one under Rule 56, the Rule further requires that the court provide an opportunity to the parties to present materials they might deem pertinent to a motion for summary judgment. That is unnecessary in this case, however, since the defendants have also moved the court to dismiss the complaint pursuant to Rule 12(b)(1) because they contend that the court lacks jurisdiction over the subject matter of this dispute. More specifically, the defendants assert that the court lacks jurisdiction to entertain the plaintiffs' Securities Act claim because it is time-barred.[4] As previously noted, the court has concluded that it does not have jurisdiction to hear these claims, and will, as a result, not reach the merits of the disputed issues involved. Moreover, although the court considered the matters attached to the defendants' motion in reaching its decision on the question of subject matter

---

4. Statutory time limitations, such as those set forth in Title VII, are not always jurisdictional, and may, "therefore, [be] subject to equitable modifications, such as tolling." *See Oshiver v. Levin, Fishbein, Sedran, & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994) (arising in Title VII context and noting that where statutory time limits are considered jurisdictional, equitable tolling cannot be invoked) (citing *Hart v. J.T. Baker Chemical Co.,* 598 F.2d 829, 832 (3d Cir.1979)). In the securities context, however, courts have held that there is no equitable tolling. *See Morley v. Cohen,* 610 F.Supp. 798, 817 (D.Md.1985) ("Several courts have concluded that the three-year statute of limitations period ... is absolute, and the normal tolling rules are not applicable to toll the three-year period.") (citing *Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1308 (9th Cir.1982), *Summer v. Land & Leisure, Inc.,* 664 F.2d 965, 968 (5th Cir.1981); *Brick v. Dominion Mortgage & Realty Trust,* 442 F.Supp. 283, 291 (W.D.N.Y. 1977)). Therefore, this court finds that the statutory provisions in 15 U.S.C. § 77m are jurisdictional.

jurisdiction, this does not convert the motion into one that need be considered under Rule 56 standards. *See Kamen v. AT&T*, 791 F.2d 1006, 1011 (2d Cir.1986) (noting that considering matters outside the complaint does not convert a 12(b)(1) motion into a motion for summary judgment); *In re Greenley Energy Holdings of Pennsylvania*, 110 B.R. 173, 180 (Bankr. E.D.Pa.1990) (same).

 A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint. *See Lieberman v. Delaware*, No. CIV.A.96–523, 2001 WL 1000936, at \*1 (D.Del. Aug. 30, 2001). The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Comm. of Pennsylvania*, 935 F.Supp. 624, 626 (W.D.Pa.1996) (citing *Growth Horizons v. Delaware County*, 983 F.2d 1277, 1280–81 (3d Cir.1993)). Additionally, a motion to dismiss under 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Mortensen v. First Federal Savings and Loan*, 549 F.2d 884, 891 (3d Cir.1977). This case presents a facial challenge because ADSX does not dispute the existence of the jurisdictional facts alleged in the complaint. Therefore, the court must accept the facts alleged in the complaint as true, *see Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), and draw all reasonable inferences in favor of the plaintiff. *See Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

**5.** Although section 77m does not explicitly mention section 77e (the section plaintiffs allege was violated), courts have acknowledged that the provisions of section 77m are applicable to claims arising under section 77e.

## IV. DISCUSSION

### A. The Securities Act Claims

 The Compec plaintiffs' Securities Act claim is time-barred. Section 77m of the Securities Act clearly states that any action must be brought "within one year after the violation upon which it is based ... [but][i]n no event shall any such action be brought ... more than three years after the security was bona fide offered to the public." 15 U.S.C. § 77m.[5] The parties here do not dispute that plaintiffs' claim was brought within one year of the alleged violation. Nevertheless, as the defendants point out, the statute of limitations provisions in section 77m must be read cumulatively, and not alternatively. That is, the action must be brought *both* within one year of the alleged violation *and* within three years of the time the security was first bona fide offered to the public. *See Morley v. Cohen*, 610 F.Supp. 798, 815 (D.Md.1985) ("[P]laintiffs must plead and prove facts tending to show that the present action was commenced within one year of the violation upon which it was based *and* not more than three years after the security was bona fide offered to the public.").

 A stock is bona fide offered to the public when it is listed for trading on the over-the-counter market (listed in the "pink sheets"). *See Kubik v. Goldfield*, 479 F.2d 472, 475 (3d Cir.1973) (stock bona fide offered when listed in "pink sheets"). *See also Sowell v. Butcher & Singer*, Civ. A.No. 84–0714, 1987 WL 10712, at \*8 (E.D.Pa. May 13, 1987) (noting that listing in "pink sheets" constitutes bona fide offer). ADSX's stock was first listed on the

*See Morley*, 610 F.Supp. at 815 (noting that the one and three year statutes of limitations have been made applicable to section 77e) (citations omitted).

over the counter market in December 1994. ADSX stock was therefore bona fide offered to the public over seven years ago. Thus, although the Compec plaintiffs filed their claim within one year of the alleged violation, they have failed to file within three years of the time the stock was first bona fide offered to the public. Their claim would, therefore, seem to be time-barred.

Plaintiffs further argue that the term "bona fide offered to the public" should be interpreted as meaning the time the stock was first offered to the plaintiffs in *this* transaction, rather than when it was first offered to the public. This argument, however, has been rejected by several courts. Courts considering this issue have consistently held that the relevant time period begins from the time the securities are first offered to the public, not the time they were last offered. *See Waterman v. Alta Verde Indus., Inc.,* 643 F.Supp. 797, 808 (E.D.N.C.1986) (rejecting similar arguments and noting that three-year period begins "from date security is *first* offered to the public."); *Morley,* 610 F.Supp. at 816 ("[T]he three year statute of limitations commences to run on the date the securities were *first* bona fide offered to the public."); *LeCroy v. Dean Witter,* 585 F.Supp. 753, 760 n. 4 (E.D.Ark.1984) ("Most authorities agree that the three-year period commences on the date the security was *initially* bona fide offered to the public."). The plaintiffs have made no argument that persuades this court to depart from the weight of authority on this issue. It will, therefore, join those courts that have held that the time period begins from the time the securities are first offered to the public. In this case, the result is that the ADSX stock was bona fide offered to the public in 1994. Thus, the plaintiffs' claim is time barred.

Before leaving this subject, the court will address the plaintiffs' assertion that the current structure of the statute of limitations stated in section 77m leaves unsuspecting plaintiffs open to chicanery by unscrupulous securities dealers. At least one court has reached a similar conclusion. *See LeCroy,* 585 F.Supp. at 753, 760 (applying statute of limitations set forth in section 77m but noting that "[t]he three-year limitation period therefore stands as a trap for the unwary investor ..." and that "this 'cumulative' interpretation permits unscrupulous brokers to act with impunity after the third year following the initial public offering ..."). The court agrees that the statutory provisions are likely to produce confusion, and perhaps fraudulent activity. Nevertheless, the only way to remedy the statutory language is to have the statute amended or repealed. It is the function of Congress, rather than the court, to initiate what appears to be a much needed revision of the statute. Simply put, the language of the statute as presently written precludes a finding by the court that the plaintiffs' cause of action under the Securities Act is timely. As a result, the court lacks subject matter jurisdiction over this claim.

**B. The State Law Breach of Contract Claims**

■ Although the court finds that the Securities Act claim is time-barred, the complain asserts three additional claims for breach of contract. The court must decide whether to exercise supplemental jurisdiction over these state law claims.

Federal districts courts have original jurisdiction over "all civil actions arising out of the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (2001). In any action where the district court has original jurisdiction, it may exercise supplemental jurisdiction over state

law claims that arise out of the same case or controversy as the federal claim. *See* 28 U.S.C.A. § 1367(a). The district court, however, has the discretion to decline to exercise this jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See id.* § 1367(c); *Growth Horizons*, 983 F.2d at 1284. In making this determination, the court should consider principles of judicial economy, convenience, and fairness to the litigants. *See id.*

Applying these principles to the instant case, the court concludes that it is appropriate to exercise its discretion to decline jurisdiction over the plaintiffs' remaining claims. Specifically, although "a belated rejection of supplemental jurisdiction may not be fair," *see id.* at 1285, the court is declining jurisdiction early in the life of this case. The litigants will therefore have ample opportunity to seek another forum. Additionally, the State courts of Delaware are certainly as convenient as the District Court. Finally, since these proceedings are at their initial stages, there has not been a significant investment of judicial resources. For all these reasons, the court will decline to exercise jurisdiction over the state law claims.

## V. CONCLUSION

For the foregoing reasons, the court will grant ADSX's motion to dismiss on the grounds that the court lacks subject matter jurisdiction. Since the court is granting the motion to dismiss on the federal claim, it has no further federal jurisdiction and will, therefore, decline to hear the Compec plaintiffs' state law claims.