[No. B188323. Second Dist., Div. Four. July 18, 2006.]

ROBERT SAGEHORN et al., Plaintiffs and Respondents, v. MICHAEL R. ENGLE, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 5 of the DISCUSSION.

**COUNSEL**

Proskauer Rose and Robert H. Horn for Defendant and Appellant.

Scott E. Schutzman and Lee W. Chen for Plaintiffs and Respondents.

OPINION

WILLHITE, J.—

## INTRODUCTION

■ This case involves a lawsuit based upon the Securities Act of 1933 (15 U.S.C. § 77a et seq.), hereafter referred to as the 1933 Act.[1] Section 12(a)(1) of the 1933 Act creates civil liability for the sale of an unregistered security (§ 77*l*(a)(1).) The purchaser can sue the seller in either state or federal court for rescission and recovery of the purchase price.[2] Section 13 of the 1933 Act provides that the action is subject to a one-year statute of limitations that begins to run when the sale is made.

Here, three purchasers sued a seller of an unregistered security. The buyers, conceding that they had filed their action past the applicable one-year statute of limitations, relied upon the doctrine of equitable tolling to halt the running of the limitations period. They based their equitable tolling theory on evidence that the seller had affirmatively misrepresented to them that the security was registered. In a bench trial, the trial court found that the principle of equitable tolling applied to a section 12(a)(1) action and that the buyers had established its evidentiary foundations. The trial court awarded the buyers a total judgment of $301,000.

On this appeal, we decide a question of first impression: Does the principle of equitable tolling apply to a section 12(a)(1) action? No California or

---

[1] All subsequent undesignated statutory references are to title 15 of the United States Code.

As one commentator explains, "[t]he official version of the federal securities law is of course found in the United States Code . . . as sections 77 through 80 of Title 15. Unfortunately, whoever was in charge of numbering the Code decided that the sections of the 1933 Act (15 U.S.C. § 77) should be numbered 77a, 77b, 77c, etc. Thus 5(b)(1) of the Act becomes 15 U.S.C. § 77e(b)(1), and § 12(a)(2) becomes § 77*l*(a)(2)." (2 Hazen, Law of Securities Regulation (5th ed. 2005) Securities Act Coverage, § 1.0, p. 8.) "Since everyone connected with securities regulation [including federal decisional law] uses the section numbers of the Acts, rather than the Code references," this opinion shall refer to the sections in addition to providing the official statutory references. (*Ibid.*)

[2] The 1933 Act authorizes a suit "at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if [the buyer] no longer owns the security." (§ 77*l*(a).) A defendant has no right to remove the case from a state court to a federal court. (§ 77v(a).)

Sale of an unregistered security can also result in criminal prosecution. (§ 77e(a).)

federal appellate court has addressed this question. The federal district courts are in conflict, with the vast majority of those courts finding the doctrine inapplicable. We adopt the majority view for two reasons. First, the lynchpin of equitable tolling—the defendant's ability to conceal from a plaintiff the right to bring a lawsuit—is not present in a section 12(a)(1) action, because whether a security is registered is a matter of public record. Hence, there is no reason to equitably toll the time in which a lawsuit must be filed. Second, the language of section 13—the provision setting forth a statute of limitations for, inter alia, a section 12(a)(1) action—militates against applying the equitable tolling doctrine. In section 13, Congress included a discovery rule for certain classes of claims but omitted that rule for a section 12(a)(1) claim. This omission reflects congressional intent to prohibit the use of the equitable tolling doctrine in a section 12(a)(1) action.

Plaintiffs concede that they filed the lawsuit beyond the statutory one-year period. Consequently, our resolution of this issue in favor of the seller is dispositive of the appeal and renders it unnecessary to address any of his other claims of error. We reverse with directions to enter judgment in favor of the seller.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

The plaintiffs are three brothers: Robert, John and Thomas Sagehorn.[4] The defendant is Michael R. Engle. The transaction at issue involved shares in Genesis Fund.

In March 2000, defendant invited Robert to invest in Genesis Fund. Thereafter, defendant gave Robert copies of the fund's brochure and subscription agreement. After signing the subscription agreement, Robert made his initial purchase of Genesis Fund shares on March 20, 2000. Several months later, Robert told his two brothers about the investment. On or about July 1, 2000, Thomas made his only purchase of shares in Genesis Fund for $26,000. John made two purchases of Genesis Fund shares for a total of $75,000. The first was in September 2000 and the second was in August 2001. Robert made several purchases in the fund, for a total of $200,000. Robert's last purchase was made in January 2002.

---

[3] Because our disposition of the appeal rests on a single ground, we set forth an abbreviated statement of facts.

[4] For purposes of clarity, we simply refer to each plaintiff by his first name.

In late 2002, plaintiffs learned that Genesis Fund had suffered substantial investment losses. In July 2003, they filed suit. In the trial court, plaintiffs conceded that their action had been filed more than one year after each plaintiff had made his last purchase of shares in Genesis Fund. To avoid a defense of the one-year statute of limitations, plaintiffs relied upon the doctrine of equitable tolling. As will be explained in more detail below, equitable tolling suspends the running of the statute of limitations during the period a plaintiff exercises due care, but remains ignorant of the facts entitling him to sue because of the defendant's concealment of those facts.

At trial, the parties presented conflicting evidence on the issue of equitable tolling. Plaintiffs' theory was that defendant had affirmatively misrepresented to them that Genesis Fund shares were registered securities. Plaintiffs argued that they did not learn the true fact of nonregistration until within a year of filing suit. The parties presented documentary evidence such as the Genesis Fund brochure, Genesis Fund subscription agreements, and letters written by defendant to plaintiffs. In addition, the three plaintiffs testified to what defendant had told them about the status of Genesis Fund. Defendant presented contrary testimony.

The trial court first resolved the legal issue in favor of plaintiffs; it adopted the minority view that the one-year statute of limitations is subject to equitable tolling when there is fraudulent concealment. The trial court then resolved the factual issue in favor of plaintiffs. The court noted that one provision in the subscription agreement that defendant had provided to plaintiffs stated that Genesis Fund was not registered. However, the court went on to find that this language was contradicted by other language in the agreement and was ambiguous in light of still another provision. In addition, the court found that defendant's subsequent letters to plaintiffs contradicted the subscription agreement's statement of nonregistration. The court concluded: "These facts, along with testimony from Plaintiffs that they relied on the belief that Genesis Fund was registered in large part based on Defendant's affirmative oral and written representations, are sufficient to find that [plaintiffs] were not on notice of the non-registration status of Genesis Funds at the time they signed the subscription agreement. Therefore, the Court finds that equitable tolling applies from November 13, 2000, when [defendant] affirmatively represented Genesis Fund to be 'like a mutual fund,' to October 26, 2002 when [plaintiff Robert Sagehorn] returned from the Genesis Fund meeting in Mexico City and discovered Plaintiffs' investments were in serious trouble. Since the complaint was filed on July 21, 2003, it is not barred by the one-year statute of limitations."

The trial court rejected defendant's other arguments and defenses and entered judgment in favor of plaintiffs. This defense appeal follows.

## DISCUSSION

### 1. *The 1933 Act*

The primary purpose of the 1933 Act "is to protect investors by requiring publication of material information thought necessary to allow them to make informed investment decisions concerning public offerings of securities in interstate commerce. [Citations.] *The registration requirements are the heart of the Act, and § 12(1)*[5] *imposes strict liability for violating those requirements.* Liability under § 12(1) is a particularly important enforcement tool, because in many instances a private suit is the only effective means of detecting and deterring a seller's wrongful failure to register securities before offering them for sale. [Citations.]" (*Pinter v. Dahl* (1988) 486 U.S. 622, 638 [100 L.Ed.2d 658, 108 S.Ct. 2063], italics added, fn. omitted.)

Section 12(a)(1) therefore creates strict liability if a sale violates the registration provisions of section 5 of the 1933 Act (§ 77e). Section 13 of the 1933 Act (§ 77m) contains the statute of limitations for bringing a civil action for sale of an unregistered security (§ 77*l*(a)(1)), for fraud in the sale of a security (§ 77*l*(a)(2)), and for making a false registration statement (§ 77k). The first portion of section 13 reads: "*No action shall be maintained* to enforce any liability created under section 77k or 77*l*(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is *to enforce a liability created under section 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based.*" (§ 77m, italics added.)

The one-year statute begins to run when the unregistered security is sold. (*Snyder v. Newhard, Cook & Co., Inc.* (D.Colo. 1991) 764 F.Supp. 612, 618.)

The second portion of section 13 contains the following language. As explained below, this provision constitutes a statute of repose. "In no event shall any such action be brought to enforce a liability created under section 77k or 77*l*(a)(1) of this title more than three years after the security was bona fide offered to the public, or under section 77*l*(a)(2) of this title more than three years after the sale." (§ 77m.)

---

[5] Prior to 1995, section 12(a)(1) was designated 12(1), codified as section 77*l*(a)(1). Consequently, references in pre-1995 opinions refer to the statute as section 12(1). Since 1995, some opinions still continue to refer to the statute as section 12(1) instead of section 12(a)(1).

■ A statute of repose is "a subspecies" of the statute of limitations. "A statute of repose runs from a fixed date readily determinable by the defendant, such as, for example, the date of 'sale,' 'transaction,' 'accident,' or 'occurrence,' rather than a date determined by the personal circumstances of the plaintiff, such as, for example, the date of 'discovery' or 'damage.' Using a fixed date easily determined by the defendant allows for 'repose' from the cause of action and serves the need for finality in certain financial and professional dealings." (*Caviness v. Derand Resources Corp.* (4th. Cir. 1993) 983 F.2d 1295, 1300, fn. 7.)

■ Section 13 therefore incorporates both a statute of limitations (claim must be brought within one year of the sale of an unregistered security) and a statute of repose (claim must, in any event, be brought within three years from when the unregistered security was offered bona fide to the public). These statutes are cumulative, not alternative. A plaintiff must bring the action "both within one year of the alleged violation and within three years of the time the security was first bona fide offered to the public." (*Ballenger v. Applied Digital Solutions, Inc.* (D.Del. 2002) 189 F.Supp.2d 196, 199, italics and boldface omitted; see also *Toombs v. Leone* (9th Cir. 1985) 777 F.2d 465, 468; *In re Chaus Securities Litigation* (S.D.N.Y. 1992) 801 F.Supp. 1257, 1265; and *Morley v. Cohen* (D.C.Md. 1985) 610 F.Supp. 798, 815.)

## 2. *The Doctrine of Equitable Tolling*

■ Equitable tolling "halts the running of the limitations period so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose the defendant's fraud or other misconduct." (4 Wright & Miller, Federal Practice and Procedure (3d ed. 2002) Commencement of Action, § 1056, p. 255.) The doctrine "focuses primarily on *the plaintiff's* excusable ignorance of the limitations period. [Citation.] [It] is not available to avoid the consequences of one's own negligence." (*Lehman v. U. S.* (9th Cir. 1998) 154 F.3d 1010, 1016, original italics.)[6] "To establish that equitable tolling applies, a plaintiff must prove the following elements: fraudulent conduct by the defendant resulting in concealment of the operative

---

[6] In contrast, equitable estoppel focuses on the actions of the defendant. That doctrine looks to "the defendant's representations or other conduct that prevents the plaintiff from suing before the statute of limitations has run. When the [trial court] is satisfied that this has occurred, the defendant will be estopped from pleading a statute of limitations defense." "Mingling elements from both the doctrines of equitable tolling and equitable estoppel is the principle of fraudulent concealment." (4 Wright & Miller, Federal Practice and Procedure, *supra*, Commencement of Action, § 1056, pp. 263 & 266, fns. omitted.)

facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts. [Citations.]" (*Federal Election Com'n v. Williams* (9th Cir. 1996) 104 F.3d 237, 240–241.)

### 3. *Equitable Tolling Does Not Apply to a Section 12(a)(1) Action*

■ As we now explain, sound public policy considerations support the conclusion that equitable tolling does not apply to a section 12(a)(1) claim.

■ The policy concern underscoring the application of the doctrine of equitable tolling is that the defendant's fraudulent concealment of his wrongdoing has resulted in the plaintiff being ignorant of his cause of action, despite the exercise of reasonable diligence. (*Holmberg v. Armbrecht* (1946) 327 U.S. 392, 397 [90 L.Ed. 743, 66 S.Ct. 582].) That policy concern is inapplicable to a section 12(a)(1) claim because whether a security is registered is a matter of public record. Even if a defendant falsely represents that a security is registered, a search of the public record would disclose the true fact of nonregistration. Consequently, a defendant cannot conceal the fact that an unregistered security was sold, because the defendant cannot "prevent an investor from discovering the true facts as to the lack of or requirement of its registration." (*Blatt v. Merrill Lynch, Pierce, Fenner & Smith Inc.* (D.N.J. 1996) 916 F.Supp. 1343, 1353.) It therefore follows that there is no later date to which the statute of limitations need be equitably tolled. " '[S]ince the registration, or lack thereof, of securities is a public record and easily discovered, it is inappropriate to apply the equitable tolling doctrine to a claim brought for failure to register securities.' " (*Lubin v. Sybedon Corp.* (S.D.Cal. 1988) 688 F.Supp. 1425, 1451, quoting *In re Rexplore, Inc. Securities Litigation* (N.D.Cal. 1987) 671 F.Supp. 679, 687.)

■ In addition, although the principle of equitable tolling generally applies to every federal cause of action, "it cannot apply in the face of contrary congressional intent. [Citations.]" (*In re Electronic Data Systems Corp. "ERISA" Lit.* (E.D.Tex. 2004) 305 F.Supp.2d 658, 680.) In this instance, analysis of the statutory scheme supports the conclusion that Congress did not intend the equitable tolling doctrine to apply to a section 12(a)(1) claim. Section 13, codified in section 77m, specifically provides that if an action is brought alleging that a material misrepresentation or omission was made either in the registration statement or the sale itself, the statute of limitations does not begin to run until the plaintiff discovers that fraud.

However, there is no language creating a discovery rule if an action is brought alleging that an unregistered security was sold. It is clear that Congress differentiated between, on the one hand, an action based on a fraud and, on the other hand, a strict liability action based upon sale of an unregistered security. If Congress had wanted to include a discovery rule for the latter, it would have done so. Its omission in that regard indicates an intent to preclude application of any discovery rule to such a claim. "A reasonable construction of this language is that Congress intended the one year limitations period of section 12(1) claims to be absolute." (*In re Rexplore, Inc. Securities Litigation, supra,* 671 F.Supp. at p. 687.)

Our conclusion that the principle of equitable tolling does not apply to an action for a violation of section 12(a)(1) is consistent with the vast majority of the federal district courts which considered this issue.[7] One leading commentator explains: "Notwithstanding [a few] scattered decisions to the contrary, the apparent majority of courts have indicated that section 12(a)(1)'s one-year period should not be tolled. One rationale in such cases is that Congress by not including an express tolling period as it did with sections 11 and 12(a)(2) should be deemed to have decided that none should apply in actions under section 12(a)(1). Another rationale for a strict reading of the one-year limitations period is that section 12(a)(1) embodies a 'strictly limited cause of action for rescission, whose timely prosecution is necessary

---

[7] See, e.g., *Temple v. Gorman* (S.D.Fla. 2002) 201 F.Supp.2d 1238, 1241–1242; *Meadows v. Pacific Inland Securities Corp.* (S.D.Cal. 1999) 36 F.Supp.2d 1240, 1249–1250; *Blatt v. Merrill Lynch, Pierce, Fenner & Smith Inc., supra,* 916 F.Supp. at pages 1353–1354; *Pell v. Weinstein* (M.D.Pa. 1991) 759 F.Supp. 1107, 1111, affirmed (3d. Cir. 1992) 961 F.2d 1568; *Hardy v. First American Bank, N.A* (M.D.Tenn. 1991) 774 F.Supp. 1078, 1081–1082; *Snyder v. Newhard, Cook & Co., Inc., supra,* 764 F.Supp. at page 618; *McCarthy v. Barnett Bank of Polk County* (M.D.Fla. 1990) 750 F.Supp. 1119, 1124; *Barton v. Peterson* (N.D.Ga. 1990) 733 F.Supp. 1482, 1490; *Lubin v. Sybedon Corp., supra,* 688 F.Supp. at page 1451; *In re Rexplore, Inc. Securities Litigation, supra,* 671 F.Supp. at page 687; *Stone v. Fossil Oil & Gas* (D.N.M. 1987) 657 F.Supp. 1449, 1457; *McCullough v. Leede Oil & Gas, Inc.* (D.C.Okla. 1985) 617 F.Supp. 384, 386–387; and *Kilmartin v. H.C. Wainwright & Co.* (D.C.Mass. 1984) 580 F.Supp. 604, 609–610. We also note that the Nebraska Court of Appeals reached the same conclusion in *Ord v. Amfirst Investment Services* (2005) 14 Neb.App. 97 [704 N.W.2d 796, 805–806].

Only one federal appellate court has even touched upon the issue. In *Cook v. Avien, Inc.* (1st Cir. 1978) 573 F.2d 685, several purchasers brought suit for violation of section 12(a)(1). The trial court held that the claims "were barred because the one year statute of limitations in § 13 of the Act had not been tolled by any fraudulent act of the defendants." (573 F.2d at p. 691, fn. omitted.) The court of appeals agreed with that ruling but for a different reason. It simply held that "under the explicit language of § 13, the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation. [Citations.]" (*Id.* at pp. 691–692.) Neither the federal appellate court nor any of the cases it cited discussed the doctrine of equitable tolling. Thus, the opinion cannot be construed as authority for the proposition that equitable tolling does not apply to a section 12(a)(1) action.

for its survival.' "[8] (2 Hazen, Law of Securities Regulation, *supra,* 1933 Act Liability, § 7.10[3], p. 156, fns. omitted.)

### 4. *Plaintiffs Rely upon Unpersuasive Decisional Law*

Plaintiffs primarily rely upon *In re National Mortg. Equity Corp. Mortg. Pool* (C.D.Cal 1986) 636 F.Supp. 1138 (*National Mortgage*) to support a contrary conclusion. There, the issue of whether equitable tolling applied to the one-year statute of limitations found in section 12 of the 1933 Act was squarely presented to the district court. (636 F.Supp.at pp. 1166–1167.) The court correctly noted that there was no controlling precedent from any federal appellate court on the issue. The court then wrote: "[T]he Court concludes that no sound reason has been advanced why the tolling doctrine should not apply. Unlike § 13's three-year period, which is preceded by the words 'in no event,' the one-year period does not on its face pose an absolute bar to suit. Thus, the fraudulent concealment doctrine should be read into this statute as it is read into any other federal statute of limitations. [Citations.]" (*Id.* at p. 1167.)

*National Mortgage*'s analysis is not persuasive for two reasons.[9] First, the court's focus on the phrase "in no event," which precedes the statute of repose provision in section 13, is misplaced. The correct focus is on the language in section 13 creating the respective statutes of limitations, and on Congress's failure to include a discovery provision for a section 12(a)(1) action when it included it for other actions. As explained above, that differentiation is key in determining whether Congress intended equitable tolling to apply to a section

---

[8] One district court explained this latter theory as follows: "[T]he type of relief available for § 12(1) violations militates against application of the discovery rule to the one year statute of limitations. Actions under § 12 afford only rescissionary relief to a purchaser who still holds the unregistered security. [Citation.] One who seeks rescission is under an obligation to do so with reasonable diligence. [Citation.] (Section 12(1) is a 'strictly limited cause of action for rescission, whose timely prosecution is essential to its survival.') This policy is furthered generally by a shorter statute of limitations, and in particular by a statute of limitations not extended by a purchaser's lack of knowledge of the facts giving rise to his claim. While this reasoning is arguably applicable to all § 12 claims, it is especially forceful where Congress has declined to permit extension of the limitation period by equitable tolling and the seller is unable to conceal the facts giving rise to the claim, as are both the case with § 12(1) claims. Thus, the fact that claims for nonregistration bring rescissionary relief suggests that the applicable limitation period be kept to the shortest permissible length." (*McCullough v. Leede Oil & Gas, Inc., supra,* 617 F.Supp. at p. 387.)

[9] Contrary to what plaintiffs suggest, *National Mortgage* is not entitled to greater precedential value because it was decided by a federal court in the Central District of California. In interpreting federal law, the decisions of the United States Supreme Court are binding upon us. When, as here, there is no controlling opinion from that court, we make an independent determination of the federal statutory scheme. In that situation, decisions from district courts in this area are not entitled to any greater weight than decisions from other districts. (See *Forsyth v. Jones* (1997) 57 Cal.App.4th 776, 782–783 [67 Cal.Rptr.2d 357].)

12(a)(1) action. One district court explicitly rejected *National Mortgage* for this very reason. Noting that "the statute [§ 77m] provides for accrual upon discovery for section 12(2) claims, but does not so provide for 12(1) claims," the court concluded "that the actual language of the statute is a sound reason for finding that the equitable tolling doctrine should *not* apply. Equitable tolling, though generally read into every federal statute of limitations, cannot be applied in the face of contrary congressional intent. [Citations.]" (*Meadows v. Pacific Inland Securities Corp., supra,* 36 F.Supp.2d at p. 1251.)

The second reason to reject *National Mortgage* is that it failed to consider the policy reason *not* to read equitable tolling into the statute: A defendant cannot conceal the fact that the security is unregistered.

None of the other cases cited by plaintiffs is persuasive. In both *In re Gas Reclamation, Inc. Securities Litigation* (S.D.N.Y. 1987) 659 F.Supp. 493, and *Dyer v. Eastern Trust and Banking Company* (N.D.Me. 1971) 336 F.Supp. 890, the issue was whether the plaintiff's complaint sufficiently alleged facts to support an equitable tolling of the statute of limitations. In each case, the district court simply assumed (without any real analysis) that the equitable tolling doctrine applied to a section 12(a)(1) claim because that doctrine generally applies to federally created causes of action. (*In re Gas Reclamation, Inc., supra,* at pp. 507–508 and *Dyer, supra,* at pp. 901–902.) However, neither case examined the precise language of the statute of limitations provisions in section 13 to determine whether Congress intended to permit equitable tolling in a section 12(a)(1) action. Nor did either case examine the policy underpinning equitable tolling to determine if the doctrine was relevant. Similarly, *Eaton v. Coal Par of West Virginia, Inc.* (S.D.Fla. 1984) 580 F.Supp. 572 assumed in a conclusory manner, for the purpose of analyzing the sufficiency of plaintiff's pleading, that allegations of fraudulent concealment can trigger equitable tolling. (*Id.* at pp. 576–577.) Lastly, *Katz v. Amos Treat & Co.* (2d Cir. 1969) 411 F.2d 1046, 1055 is inapposite because it involved application of equitable estoppel to assert the statute of limitations, not equitable tolling. (See fn. 6, *ante.*)

### 5.  *Defendant Has Not Waived the Statute Of Limitations Defense**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 452.

## DISPOSITION

The judgment is reversed and the trial court is directed to enter judgment in favor of defendant Michael Engle on the basis that plaintiffs' section 12(a)(1) claims are barred by the one-year statute of limitations found in section 13. Defendant is to recover his costs on appeal.

Epstein, P. J., and Suzukawa, J., concurred.

Respondents' petition for review by the Supreme Court was denied October 11, 2006, S146184.