**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KWON YI, | No. 18-55827 |
| Appellant, | D.C. No. 2:17-cv-06467-SVW-SK |
| v. | |
| BMW of NORTH AMERICA, LLC, | MEMORANDUM* |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 5, 2020
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Kwon Yi appeals the grants of BMW of North America, LLC's (BMW)

motion for judgment on the pleadings on his fraudulent concealment claim and

BMW's motion for summary judgment on his Song-Beverly Consumer Warranty

Act claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, reviewing de

novo, we affirm. *See Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(standard of review for summary judgment orders); *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1236 (9th Cir. 2015) (standard of review for orders granting judgment on the pleadings).

1. The district court did not violate Yi's procedural due process rights by entering summary judgment on the statute of limitations issue even though no motion was pending. The court may consider summary judgment on its own so long as it first gives notice and a reasonable time to respond. Fed. R. Civ. P. 56(f); *see also Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) (agreeing that "the district court may sua sponte dismiss a complaint as untimely so long as the defendant has not waived the defense" and the losing party "had the opportunity to present argument" on the issue). The district court gave Yi notice of the statute of limitations bar, and it provided Yi a meaningful opportunity to be heard through supplemental briefing and a hearing.

2. The district court did not err in entering summary judgment on Yi's Song-Beverly claims because there was no triable issue as to whether those claims were timely under the applicable four-year limitations period. *See Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305–06 (2009) (applying the four-year limitations period of California Uniform Commercial Code section 2725 to Song-Beverly Act claims); *G and G Prods. LLC v. Rusic*, 902 F.3d 940, 946 (9th Cir. 2018) (federal courts sitting in diversity apply state statutes of limitations). A

breach of warranty claim accrues when the plaintiff reasonably knows or should know that breach has occurred—that is, that the defendant either will not or cannot repair an existing defect. *Krieger v. Nick Alexander Imps., Inc.*, 234 Cal. App. 3d 205, 215–19 (1991). Once Yi had "a suspicion of wrongdoing, and therefore an incentive to sue," he had to "decide whether to file suit or sit on [his] rights." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988).

Because Yi filed his complaint on August 31, 2017, his Song-Beverly claims are time-barred if they accrued before August 31, 2013. Yi testified that he experienced "a lot of issues" with his car from the time that he first leased it in December 2009. He further testified that he began "doubting" the car after the warranty expired, which occurred in April 2011. By that time, Yi had made over five repair visits to BMW related specifically to oil consumption issues.[1] Yi admits that, although the BMW service advisors consistently told him that the oil issues he complained of were normal, he "thought that something was not right." Yi therefore at least suspected by April 2011 that BMW either would not or could not repair the oil consumption problem with his car's engine. That awareness was sufficient to trigger the statute of limitations well before the critical date of August

---

[1] By the critical date of August 31, 2013, Yi had made at least 10 total repair visits related specifically to oil consumption, and 4 related to "rough" or "heavy" riding. Yi conceded that these documented repair attempts do not capture all of the times that Yi went to BMW to complain about his car's oil consumption.

3

31, 2013.

The district court did not err in concluding that neither estoppel nor any tolling doctrine applied to save Yi's Song-Beverly claims. Yi failed to raise a triable issue as to whether BMW induced him to delay in filing suit, as necessary for equitable estoppel. *See Lantzy v. Centex Homes*, 31 Cal. 4th 363, 385 (2003) (finding the allegation that "at various times Defendants have attempted to make repairs . . . or advised Plaintiffs that the defective windows were not defective" insufficient to establish estoppel). The class action tolling doctrine does not apply because the relevant class action suit, *Bang v. BMW of North America, LLC*, No. 2:15-cv-06945-MCA-SCM (D.N.J. Sept. 18, 2015),[2] was filed after the statute of limitations on Yi's claim accrued and because it was filed outside of this jurisdiction. *See Hatfield v. Halifax PLC*, 564 F.3d 1177, 1187–88 (9th Cir. 2009) (holding class-action tolling does not apply where the plaintiff seeks "to use a class action filed in one jurisdiction to toll an action later filed in another"). Equitable tolling does not apply because Yi did not act with diligence after he discovered his claims. *See Sagehorn v. Engle*, 141 Cal. App. 4th 452, 460 (2006). In addition, BMW never tolled the statute of limitations by undertaking a continuous attempt to

---

[2] Yi's motion to take judicial notice of the Order Granting Preliminary Approval of Class Action Settlement, Order Granting Final Approval of Class Action Settlement, and Case Summary in *Bang v. BMW of North America* is granted. Fed. R. Evid. 201; *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings).

repair a defect in the car. *Cf. Aced v. Hobbs-Sesack Plumbing Co.*, 55 Cal. 2d 573, 585–86 (1961) (holding it was possible that the statute of limitations was tolled during the several months that the defendant's representatives finished one ongoing repair attempt). Finally, even assuming that BMW's assurances that Yi's car was "normal" constituted an affirmative fraudulent misrepresentation, *see Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 874–75 (2004), Yi's purported reliance on those assurances is contradicted by his own testimony that he still believed "something was not right." *See Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 637–39 (2007) (holding a cigarette smoker's reliance on tobacco companies' misrepresentations of the addictive nature of cigarettes was unreasonable once she suspected she was addicted to cigarettes, as evidenced by her decision to join "Nicotine Anonymous").

3. The district court did not err in dismissing Yi's fraud claim because it is barred by the applicable three-year limitations period on the same factual basis and admission that preclude his Song-Beverly claims. *See* Cal. Code Civ. Proc. § 338(d); *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (we may affirm an order granting judgment on the pleadings based on any ground supported by the record). Because we conclude that Yi's fraud claim was untimely, we need not and do not address whether it is also barred by the economic loss rule.

**AFFIRMED.**