Filed 4/9/13  O'Leary v. Cal. Dept. of Fish & Game CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| LINDY O'LEARY, | D060821 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. GIC841347) |
| CALIFORNIA DEPARTMENT OF FISH & GAME, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Lindy O'Leary appeals from a judgment denying her petition for writ of mandate under Code of Civil Procedure[1] section 1085.  She contends the trial court erroneously denied her motion to amend her pleadings to add a claim for "equitable estoppel" against

---

[1]     All statutory references are to the Code of Civil Procedure unless otherwise stated.

the Department of Fish and Game (the Department[2].)  Specifically, she argues the doctrine of res judicata does not bar that claim, because it "was never adjudicated by the trial court in any of the various actions."  (Capitalization omitted.)  We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

I. *The Underlying Section 1085 Writ Petition* (*O'Leary v. California Department of Fish & Game* (Super. Ct. San Diego County, 2005, No. GIC 841347)) *is Filed and Stayed*

In January 2005, O'Leary filed a "petition for writ of mandate/prohibition" under section 1085 against the Department, seeking injunctive relief.  O'Leary alleged in her writ petition that in September 2004, a warden of the Department unlawfully seized an animal and some birds from her home.  The Department subsequently denied her petitions for permits to keep the animal and birds.[4]  In her writ petition, she specifically prayed for, inter alia, the following relief:  "A temporary injunction issue for an order to enjoin the [Department] . . . from euthanizing, relocating, or otherwise disposing of [her]

---

[2]    As of January 1, 2013, the Department is called the Department of Fish and Wildlife.  (Fish & G. Code, § 37.)  For convenience, we will refer to the original title at the time of the filings, Department of Fish and Game.

[3]    We grant O'Leary's motion for judicial notice of documents filed in the trial court proceedings.

[4]    Following the jury's verdict finding the Department warden and others involved in seizing the animals had not violated her civil rights, this court affirmed the trial court's order denying O'Leary's new trial motion.  (*O'Leary v. Awbrey, et al.* (Oct. 7, 2008, D051208) [nonpub. opn.].)

animals until such time as [she] has exhausted all remedies available to her under the law and as provided for under [California Code of Regulations] Section 746 to and including the period of time an appeal is pending and until the superior court renders a final decision pursuant to [her] filing of the writ of administrative mandate."

In September 2005, the trial court granted O'Leary a temporary restraining order requiring the Department to return the surviving birds to O'Leary, and committing her to maintain them in a safe and secure environment. The following month, the parties stipulated to convert the temporary restraining order to a preliminary injunction.[5]

In November 2005, O'Leary moved for leave to amend her writ petition to seek "[d]eclaratory [r]elief for a judicial determination of rights prohibiting the [Department] to require [her] to obtain a permit for the subject birds" and "[p]ermanent injunctive relief for [her] to maintain permanent custody of the subject birds."

In January 2006, the trial court denied O'Leary's motion to amend her pleading, ruling, "[She] is barred from splitting her causes of action. Further, the requested relief vis-à-vis the necessity for a permit is the subject matter of the administrative process." The court stayed the underlying action pending resolution of the administrative appeals

---

[5]     In support of O'Leary's preliminary injunction motion, she submitted a September 2005 supplemental declaration from Diana Sieberns stating that the wild birds came into the possession of the Wildlife Center between 1986 and 1990, and were designated "non-releasable." Sieberns further declared, "When the [Wildlife Center] ceased operating its rehabilitation program in 2000-2001, the [Department] and Region 5 Wardens had knowledge of and a written record for the subject non-releasable birds and did not required [*sic*] the [Wildlife Center] to obtain any type of permit for the continued possession of the subject non-releasable birds. Region 5 Wardens told me personally, 'don't worry about it, you don't need a permit.' "

process and ordered that the preliminary injunction remain in effect until further court order.

II. *O'Leary's Section 1094.5 Administrative Mandamus Action* (*O'Leary v. California Department of Fish & Game* (Super. Ct. San Diego County, 2005, No. GIC 859644))

In 2005, the Department denied O'Leary's petitions for permits to keep the birds. She appealed Department's decision to the California Fish and Game Commission (the Commission).

In December 2005, following hearings in August and October 2005, the Commission upheld the Department's denial of O'Leary's permit applications, ruling she had not substantially complied with one or more subdivisions of section 671.1.

Seeking judicial review of the administrative decision, O'Leary filed a lawsuit in superior court against the Department and the Commission. In a second amended pleading filed in July 2006 (the Second Amended Pleading) O'Leary set forth (1) an "equitable estoppel" cause of action arising from the Department's conduct prior to the permit denial, and (2) a writ of mandate petition under Code of Civil Procedure section 1094.5 challenging the denial of her permit application. The Department and the Commission were both named as defendants/respondents for the "equitable estoppel" cause of action and the writ petition.

The Department and the Commission, represented by the Attorney General, demurred to the Second Amended Pleading. They argued (1) a cause of action for "equitable estoppel" could not be stated against the Commission or the Department

4

because "equitable estoppel" allegations could only be adjudicated by means of a section 1094.5 writ petition, and (2) the writ petition could be brought only against the Commission, not the Department. The Department demurred to the entire Second Amended Pleading, whereas the Commission demurred only to the "equitable estoppel" cause of action. The scope of the Department's demurrer, applying to the *entire pleading,* was expressly set forth in the demurrer and in the points and authorities in support of the demurrer.

Responding to the Attorney General's argument challenging her claim of "equitable estoppel," O'Leary explained that she included the claim as a separate cause of action because the issue had been presented, but not adjudicated, at the administrative hearing. She stated that the administrative law judge confined the administrative hearing to the issue of whether she qualified for a permit, and at the administrative hearing she had reserved her rights to later present her "equitable estoppel" argument. On the merits of her claim, O'Leary contended the Department had misinformed her about the permit requirements and an amnesty program and had misled her to believe she did not need a permit.

After a hearing on September 25, 2006, the trial court issued a minute order (1) overruling the demurrer as to the Commission, and (2) sustaining the demurrer without leave to amend as to the Department. Regarding the Commission, the trial court ruled that O'Leary had pleaded sufficient facts to state a cause of action for "equitable estoppel." Regarding the Department, the trial court ruled: "The demurrer of the [Department] is sustained without leave to amend. Petitioners have failed to allege facts

5

sufficient to state a claim against [the Department]." Subsequently, a judgment of dismissal was entered in Department's favor. O'Leary did not appeal from that judgment.[6]

In May 2009, the trial court granted the Commission's motion for judgment on the pleadings without leave to amend as to the Second Amended Pleading, ruling, "Commission does not have the authority to provide the remedy being sought by way of the First Cause of Action for Equitable Estoppel. . . . Defendant Commission does not have the authority to make determinations regarding the issuance of permits. The authority to issue restricted species permits is exclusively reserved to the [Department]. [Citations.] . . . Defendant Commission's jurisdiction is limited to a review of the [Department's] denial of Plaintiff's permit applications."

In March 2010, the trial court denied O'Leary's petition for writ of administrative mandamus, ruling in part that O'Leary had been afforded a fair hearing: "The Hearing Officer considered all evidence that was timely and properly introduced into evidence." Further, the trial court ruled the Department and Commission did not abuse their discretion, and their decisions in "denying [O'Leary's] permit applications were supported by substantial evidence, in light of the whole record."

---

[6]    The trial court later granted O'Leary's petition to set aside the judgment dismissing the Department from the action under section 473. The Attorney General appealed, and we reversed the trial court's ruling in *O'Leary v. California Department of Fish & Game* (Mar. 25, 2008, D050736), a nonpublished opinion.

In March 2011, this court in *O'Leary v. California Fish & Game Commission* (Mar. 23, 2011, D057595) dismissed O'Leary's appeal from the judgment because she failed to file an opening brief.

III. *O'Leary's Motion to Amend the Section 1085 Writ Petition (O'Leary v. California Department of Fish & Game, supra, No. GIC 841347) is Denied; Injunction is Lifted*

In September 2011, in the superior court, the Department moved for dissolution of the preliminary injunction and a judgment on the pleadings, and requested the birds be returned to the Department. The Department argued, "In this case, the only basis for the issuance of the preliminary injunction was to stay certain actions until [O'Leary's] challenge to the Commission's decision upholding the Department's denial of her Animal Care Permits was adjudicated in the administrative mandamus action. In that case, [she] lost all legal challenges and her appeal was dismissed. Any and all factual and legal underpinnings forming the basis of [the superior court's] issuance of any provisional remedies therefore no longer exist." The Department noted O'Leary still had not obtained a permit and therefore the Department was entitled to lawfully maintain custody of the birds. In arguing for judgment on the pleadings under section 438, the Department noted that this court had dismissed all of O'Leary's legal challenges to the Commission's decision, and therefore, the underlying case was moot.

Later that month, O'Leary responded by filing a "motion for leave to amend and/or supplement petition for writ of mandate/prohibition and request for immediate injunctive relief." She argued her proposed amendment would "plead an independent cause of

7

action for equitable estoppel against Respondent [the Department] arising out of and predicated upon the operative facts which already have been pled and not yet adjudicated in any related action." She argued that in previous trial and appellate court proceedings, her "estoppel claim was based on the contention that the Department had misinformed her about the permit requirements and an amnesty program and had led her to believe she did not need a permit. *This cause of action for equitable estoppel has never been adjudicated*, and in particular never adjudicated against [the Department] until this reinstated action."

Her prayer for relief in the proposed amended complaint sought "1. An order to estop the [Department] from enforcement and future enforcement any [*sic*] regulatory code section against [her] with regard to the subject birds, including but not limited to Fish and Game Code section 3005.5 (seizure of disabled birds) and California Code of Regulations section 671.1 et seq. and section 679 [*sic*] which purport to require a permit for the subject birds; [¶] 2. For an order to excuse and/or exempt [her] from having to obtain a wildlife permit for the disabled birds; [¶] 3. For an order declaring [her] legal title to and permanent possession of the disabled birds as provided for by law; [¶] 4. For an order of waiver of impound costs and any other costs associated with the wrongful seizure of subject animals." Separately, she sought "a final and permanent injunction ordering the return of [the animal's] remains to [her] immediate possession." She also sought "a judicial declaration declaring California Code of Regulations sections 671.1, 679, and 746 [*sic*] unconstitutional as applied." O'Leary sought to amend "her prayer for relief to add a damages claim for attorney's fees and costs and to amend the nature of her

8

claim for injunctive relief given the change in the nature of the claims originally pled, to wit: [the animal] and several of [her] birds died in the hands of [the Department] several months after confiscation of [her] animals in September 2004 and since the filing of the instant Writ in January 2005."

In October 2011, the trial court denied O'Leary's motion to amend her petition. It granted the Department's motion to dissolve the injunction and for judgment on the pleadings. The trial court's minute order states, "[B]ecause judicial review of the Commission's decision denying O'Leary a permit has concluded, judgments have been entered, and appeals dismissed or concluded, under the one action rule, there is nothing more that can be litigated with respect to the permit applications. In addition, O'Leary cannot amend this lawsuit to add claims relating to equitable estoppel or constitutional deficiencies in the regulations because the Department is not the proper party. The trial court in case number GIC859644 has already determined such claims cannot state a cause of action against the Department, and that judgment is final for all purposes. O'Leary has obtained all relief requested in this pending injunctive relief case, i.e., the order enjoining the euthanasia of the animals pending the completion of the judicial review process concerning her failed permit applications. [¶] The trial court's decision upholding the Commission's decision denying O'Leary a permit is now res judicata. O'Leary cannot circumvent black letter law concerning the judicial review process by attempting to litigate claims relating to permit proceedings against the wrong party. The Court finds this case is moot and orders the interim injuncti[on] vacated and this case dismissed." The judgment entered in the Department's favor states that O'Leary's petition for writ of

9

mandate is denied, the preliminary injunction issued on October 6, 2005, is vacated, and the action is dismissed in its entirety with prejudice.

## IV. *Postjudgment Proceedings*

In November 2011, O'Leary petitioned this court for a writ of supersedeas, arguing the Department would euthanize the birds if they were returned to its possession. We issued a temporary stay and ultimately denied the writ petition. In March 2012, O'Leary filed another petition for writ of supersedeas and a temporary stay in this court, arguing legislation pending in the California state senate would guarantee her a license and permit to retain possession of the birds, and thus render this appeal moot. We issued a temporary stay pending a vote on the proposed legislation. In April 2012, we denied the petition and vacated the stay.

O'Leary states in her opening brief that following our denial of her second petition for writ of supersedeas, she relinquished the birds to the Department. She also resubmitted her permit application to the Department.

## DISCUSSION

## I.

O'Leary contends the trial court erred in denying her motion to amend her section 1085 writ petition to add a claim for "equitable estoppel." She concedes she first raised the claim in her original January 2005 section 1085 writ petition and later at the August 2005 administrative hearing on the section 1094.5 writ petition, but she claims the hearing officer in the latter proceeding "squarely rejected adjudication of the equitable estoppel claim as improperly before him and left the claim open for other litigation."

10

Therefore, she asserts, the claim is yet to be adjudicated. She further claims the May 2009 administrative mandamus judgment applied solely to the Commission, and only adjudicated whether the Commission abused its discretion in denying her permit application.

*Applicable Law*

It is unlawful to capture, possess or confine specified species of birds except by obtaining a permit to do so, as provided by statute. Any bird possessed or confined in violation of the statute shall be seized by the Department. (Fish & G. Code, §§ 2118, 3005.5.) O'Leary applied for different permits. (Cal. Code Regs., tit. 14, § 671.1.) At all relevant times, the procedure for appealing the Department's denial of permit applications to the Commission was governed by the administrative hearing process detailed in California Code of Regulations, title 14, section 746. The applicant is entitled to appeal the Department's denial of the permit application to the Commission, whose decision, in turn, is reviewable by the superior court through a petition for a writ of administrative mandamus under Code of Civil Procedure section 1094.5. (Cal. Code Regs., tit. 14, § 746(c)(11).)

It is a settled appellate principle that if a judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Cahill v. San Diego Gas & Elec. Co.* (2011) 194 Cal.App.4th 939, 956.)

"Motions for leave to amend are directed to the sound discretion of the judge: 'The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading . . . .' [Citation.] However, the court's discretion will

11

usually be exercised liberally to permit amendment of the pleadings. [Citations.] The policy favoring amendment is so strong that it is a rare case in which denial of leave to amend can be justified. [Citation.] 'Leave to amend should be denied only where the facts are not in dispute, and the nature of the plaintiff's claim is clear, but under substantive law, no liability exists and no amendment would change the result.' " (*Howard v. County of San Diego* (2010) 184 Cal.App.4th 1422, 1428.)

In *Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co. of America* (2005) 133 Cal.App.4th 1319, 1323 (*Alpha*), this court discussed the doctrine of res judicata. We stated its goal is judicial economy, and " ' " 'precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief.' " ' [Citation.] The doctrine has two aspects: the first is claim preclusion, otherwise known as res judicata, which 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citations.] The second is issue preclusion, or collateral estoppel, which ' "precludes relitigation of issues argued and decided in prior proceedings." ' [Citations.] [¶] To determine whether claim preclusion bars another action or proceeding, courts look to whether the two proceedings involve the same cause of action." (*Id*. at pp. 1326-1327.)

" 'California follows the primary right theory of Pomeroy; i.e., a cause of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which

12

consists in a breach of such primary right and duty.' " (*Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639, 648 (*Acuna*).)

*The Department Is Not the Proper Defendant*

As noted, the trial court denied O'Leary's motion to amend her pleading on two independent grounds—that the Department is not the proper party against whom O'Leary can make a claim of "equitable estoppel," and the decision upholding the Commission's decision is res judicata. In her opening brief, O'Leary has not presented arguments, with supporting authority, claiming the first ground was erroneous.[7] Instead, she has challenged only the second ground, claiming res judicata does not apply.

_____

[7] We quote in its entirety the one paragraph in which O'Leary comes nearest to addressing the trial court's first ground. We regard her argument as forfeited because it is not supported by legal citation: "O'Leary does not ask the court to enjoin the State from performing its statutory duties. Rather, the State failed to take any action with regard to enforcement of permit laws. That is the point. [She] is asking th[is] court to view the conduct of the Department—in order to ascertain whether the Department is estopped from requiring [her] to obtain a permit for the birds given the circumstances in this case. Thus the Department's argument that 'the Department may not be enjoined from enforcing the law' is unpersuasive. Also, it is important to note that [her] requested injunctive relief also asks the court for a determination of rights as to her proprietary interest in the birds as her private property and whether, in fact, the conduct of the Department [] to seize and destroy the birds is illegal, i.e. conduct beyond the reach of the regulatory statutes at issue in this case." "It is an established rule of appellate procedure that an appellant must present a factual analysis and legal authority on each point made or the argument may be deemed waived." (*People ex rel. Dept. of Alcoholic Beverage Control v. Miller Brewing Co.* (2002) 104 Cal.App.4th 1189, 1200.)
We also note that O'Leary's position on appeal—that she is not asking us to enjoin the State, or the Department, from performing its statutory duties—is directly contrary to her position in the trial court. In fact, her amended complaint seeks an order estopping the Department from enforcement and future enforcement of any regulatory code section against her with regard to the subject birds.

13

But on appeal, O'Leary has not shown that, under substantive law, liability exists against the Department, or how her amended pleading would change the result of her case. The Legislature enacted Fish and Game Code section 3005.5 to make it unlawful to capture, possess or confine wild birds and animals, and authorized the Commission to promulgate regulations permitting the temporary confinement of injured or diseased wild animals and birds. Accordingly, the Commission enacted Code of Regulations, title 14, sections 671 and 671.1, under which the Department is responsible for applying specific criteria in evaluating permit applications. O'Leary fails to demonstrate that the Department is authorized to grant the relief she seeks in her amended complaint. In particular, she has not shown that the Department can ignore the statutes and regulations and exempt her from the permit requirements. Likewise, O'Leary fails to show that the Department is empowered to declare "California Code of Regulations sections 671.1, 679, and 746 [*sic*] unconstitutional as applied." We conclude the trial court did not abuse its discretion in denying O'Leary's petition to amend her pleading because, as a matter of substantive law, we perceive nothing in Fish and Game Code section 3005.5 or its implementing regulations granting the Department the authority to provide O'Leary the relief she seeks. Therefore, no amendment would change the result. On that ground alone, we affirm the trial court's ruling.

*Res Judicata Bars O'Leary's Claim of "Equitable Estoppel"*

Regarding the trial court's ruling that res judicata barred the claim of "equitable estoppel," there is no dispute that O'Leary and the Department were the same parties in the sections 1085 and 1094.5 writ proceedings. The primary right O'Leary sought to

14

vindicate in both proceedings was her denial of a permit by the Department. In both cases she contended she should either have received a permit or the permit requirement should be waived as to her. As relevant here, the trial court dismissed O'Leary's claim against the Department with prejudice.

Contrary to O'Leary's contention that the hearing officer in her administrative mandamus action "squarely rejected" adjudication of her "equitable estoppel" claim, and therefore the claim is yet to be adjudicated, we conclude the claim was properly raised by O'Leary and addressed by the hearing officer. The transcript of the administrative hearing shows that Robyn Ranke, O'Leary's counsel, addressed the claim of "equitable estoppel" in her opening argument. The hearing officer encouraged Ranke to focus her argument on the issue of O'Leary's qualification to have a permit, but he also expressly permitted O'Leary to present evidence regarding her "equitable estoppel" claim during the course of the hearing. In October 2005, during the second day of the administrative proceedings, the Department objected to admission of a transcript of deposition testimony purporting to support her claim of "equitable estoppel" against the Department. The Department objected on grounds that O'Leary had not timely provided it a copy of the deposition transcript. Attorney Ranke stated, "Well, you know I went on at great length in the first day of hearing. We have asserted an estoppel theory, and Miss Lange's testimony was—portions of it were selected that were relevant to the estoppel issue. I didn't want to overburden the Hearing Officer with the entire deposition transcript with issues that had nothing to do with the estoppel issue. It's just the evidence that Zeke Awbrey told her there was an amnesty program in 2000, 2001. And that goes to—

15

supports our estoppel theory."  We interpret that exchange as demonstrating O'Leary's counsel's reliance on the record as guaranteeing that the matter was properly before the hearing officer, notwithstanding his decision to exclude the deposition transcript from evidence.

In response to O'Leary's argument her claim for "equitable estoppel" was not adjudicated on the merits in the administrative mandamus action, we note that here, the trial court sustained Department's demurrer to O'Leary's Second Amended Pleading without leave to amend.  The trial court's ruling that O'Leary failed to allege facts sufficient to state a claim against the Department was a sufficient statement of grounds; the trial court was not required to recite the details supporting its ruling.  (*Stevenson v. San Francisco Housing Authority* (1994) 24 Cal.App.4th 269, 275.)  The trial court subsequently dismissed the case with prejudice as to the Department, and that dismissal became a final judgment on the merits, subject to appeal.  (*Conley v. Roman Catholic Archbishop* (2000) 85 Cal.App.4th 1126, 1130.)

Further, "[A] dismissal [of a complaint] with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action."  (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793.)  "Where the court prevents the litigation of matters which inhere in the cause of action, on the ground that they are not pleaded, plaintiff's remedy is either to seek to amend or to have the ruling, if erroneous, corrected by appropriate proceedings for review.  An erroneous judgment is as conclusive as a correct one."  (*Panos v. Great Western Packing Co.* (1943) 21 Cal.2d 636, 640.)  "Were we now to consider the merits of [this] pleading controversy, we would be

16

[countenancing] an overt violation of this state's long-established final judgment rule." (*Ricard v. Grobstein, Goldman, Stevenson, Siegel, Levine & Mangel* (1992) 6 Cal.App.4th 157, 162.) Therefore, O'Leary's motion to amend, which is grounded on the same allegations, is barred. (*Berman v. Aetna Cas. & Surety Co.* (1974) 40 Cal.App.3d 908, 912.)

A trial court properly denies a motion to amend when the proposed amendments are subject to demurrer as being barred by res judicata. (*Yee v. Mobilehome Park Rental Review Bd.* (1998) 62 Cal.App.4th 1409, 1429.) Here, O'Leary's proposed amendments fall within this rule. "[O'Leary] is basically arguing that, because there was no *actual litigation* of [her] claim . . . , there was no judgment on the merits, an essential ingredient for res judicata. But the law is clear that *actual litigation* is not necessary as long as there has been 'a fair opportunity' to litigate the claim." (*Law Offices of Stanley J. Bell v. Shine, Browne & Diamond* (1995) 36 Cal.App.4th 1011, 1025.) We conclude that the conditions for res judicata are met here. Specifically, O'Leary had an opportunity to litigate the claim for "equitable estoppel" because she raised it at the first day of the administrative hearing. At the second hearing date, two months later, she relied on it being in the record to preserve her claim that it had been properly raised. Therefore, in light of the fact other aspects of res judicata were met, as discussed above, the trial court did not err in denying O'Leary's motion to amend her complaint.

*O'Leary's Other Claims are Forfeited*

It is "counsel's duty by argument and citation of authority to show in what respects rulings complained of are erroneous." (*Wint v. Fidelity & Casualty Co*. (1973) 9 Cal.3d

17

257, 265.) All litigants are bound by the rule that "[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment. It is entitled to the assistance of counsel. Accordingly, every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 701, p. 769.)

O'Leary has forfeited any claim regarding the trial court's dissolution of the preliminary injunction because she presents no legal authority for her argument that she is entitled to possess the birds under principles of due process. Specifically, she fails to discuss the scope of the preliminary injunction, the showing required to dissolve an injunction, or the standard of review for dissolution of an injunction. Rather, she merely asserts, "If the Department were allowed to seize and euthanize [her] birds before she has the opportunity to pursue all remedies available to her under the law, such would constitute an action by the state beyond the scope of its police powers, and in direct violation of [her] fundamental rights guaranteed under both the State and Federal Constitutions." She also asserts without any supporting authority that "This case involves, at best a [de minimis] violation of law, if any, which the law considers so trivial that such violation is rendered non-actionable in criminal and/or civil arenas." In the same section of her brief where she makes the above arguments, she notes that the issue of who is allowed to keep the birds is bound up with her larger claim regarding her permit denial: "Finally, the Department's blanket contention that private possession of disabled wild animals, including disabled wild birds, is prohibited under Fish and Game

18

code sections—and because [she] does not have a permit, only the Department may lawfully maintain possession of the wild birds—remains at issue to be litigated in the underlying Writ of Mandate."

O'Leary's other appellate claims are likewise forfeited for lack of adequate briefing. Specifically, in her opening brief she makes arguments under the following headings: "There Is No Governmental Interest At Stake; No Public Policy Issue; and No Public Interest Concern"; "The Statutory Code [of] Regulations At Issue Are Unenforceable as Applied to O'Leary; Di Minimus [*sic*] Violations of Law Are Not Actionable by the State"; and "Equitable Estoppel and Injunctive Relief Will Run Against the State; the State's Power to Regulate Is Not Absolute." (Some capitalization omitted.) But O'Leary does not support these arguments with relevant legal authority. Therefore, we need not consider them.

DISPOSITION

The judgment is affirmed.  The Department of Fish and Game is awarded costs on appeal.


O'ROURKE, J.

WE CONCUR:

HALLER, Acting P. J.

AARON, J.