
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OAKLEY, INC., a Washington corporation; JAMES JANNARD, an individual, | No. 12-56963 |
| Plaintiffs - Appellees, | D.C. No. 2:09-cv-07666-DDP-RNB |
| v. | |
| SEAN MICHAEL MCWILLIAMS, an individual, | MEMORANDUM* |
| Defendant - Appellant, | |
| And | |
| GERARD MCWILLIAMS, an individual; MARY MCWILLIAMS, an individual, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Sean McWilliams appeals pro se from the district court's final judgment awarding damages to Oakley, Inc. ("Oakley") and James Jannard. On appeal, McWilliams also challenges the district court's prior grant of partial summary judgment to Oakley and Jannard. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court properly granted summary judgment to Oakley and Jannard on their libel claim and did not ignore any evidence in the record. The evidence firmly establishes that McWilliams intentionally sent over a million false, unprivileged, derogatory, and harassing e-mails to Oakley, Jannard, and other third parties and that such e-mails seriously injured the reputation and character of Oakley and Jannard. *See* Cal. Civ. Code §§ 45–45a; *see also Smith v. Maldonado*, 85 Cal. Rptr. 2d 397, 402 (Cal. Ct. App. 1999). Although "the truth of the offensive statements or communication is a complete defense against civil liability" in libel actions, *Smith*, 85 Cal. Rptr. 2d at 403, the record lacks sufficient

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence to create a genuine issue of material fact on the truth of McWilliams's statements or on any other element of the libel claim.

The district court also correctly granted summary judgment to Oakley and Jannard on McWilliams's counterclaim for intentional infliction of emotional distress. Apart from McWilliams's own self-serving and uncorroborated declarations, which are insufficient to avert summary judgment, *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412–13 (9th Cir. 1995), there is no evidence showing that Oakley or Jannard engaged in any extreme and outrageous conduct that actually or proximately caused McWilliams severe emotional distress, *see Conley v. Roman Catholic Archbishop of S.F.*, 102 Cal. Rptr. 2d 679, 683 (Cal. Ct. App. 2000). Accordingly, no genuine issue of fact remains for trial on the counterclaim, and summary judgment was proper.

Finally, the district court's entry of a default sanction against McWilliams was neither an abuse of discretion nor a violation of his due process rights. McWilliams's willful refusal to appear for trial delayed resolution of this case, "interfered with the [district] court's management of its docket in one of the busiest districts in the country," and wasted the time and effort of Oakley and Jannard, who were prepared to proceed with trial as scheduled on their remaining claims. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). Under these

circumstances, the public's interest in expeditious resolution of litigation, the district court's need to manage its docket, and the risk of prejudice to Oakley and Jannard strongly support the district court's default sanction. *See id.* Based on our independent review of the record, we are not left with a "definite and firm conviction that [default] was clearly outside the acceptable range of sanctions." *Id.* (internal quotation marks omitted). We therefore affirm the district court's default and, based on the extensive and protracted conduct at issue, its monetary judgment against McWilliams.

**AFFIRMED.**